IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02730-BNB

EDWARD PETER CONYAC,

     Plaintiff,

v.

DR. NOONAN, D.R.D.C. General Practitioner,
DEANNE ROMERO, D.R.D.C. Physician Asst.,
JESSICA ZAINES, D.R.D.C. Nurse Practitioner,
FRED HUDSON, D.R.D.C. Nurse,
JANE DOE #1, D.R.D.C. Nurse,
JANE DOE #2, D.R.D.C. Nurse, and
JANE DOE #3, D.R.D.C. Nurse,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

     Plaintiff, Edward Peter Conyac, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado.  He filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983.  Mr. Conyac has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

     The Court must construe Mr. Conyac's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Conyac will be directed to file an amended complaint.

Mr. Conyac alleges that on October 14, 2009, apparently while incarcerated at the Denver Reception and Diagnostic Center, he experienced a heart attack that was mistaken by medical personnel as heartburn.  He further alleges that, by the time he was transported to a hospital, his heart allegedly was damaged sixty-two percent.  He asserts that he now suffers from congestive heart failure, is on a defibrillator, and only twenty-five percent of his heart is functioning.  On the basis of these allegations, he contends that defendants have been deliberately indifferent to his serious medical needs.

In the amended complaint he will be directed to file, Mr. Conyac must assert the personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Conyac must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations  he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Conyac may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Conyac uses fictitious names he must provide sufficient information about each

2

defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Conyac will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court will give Mr. Conyac an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that alleges the personal participation of each named defendant, and meets the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff, Edward Peter Conyac, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Conyac shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that, if Mr. Conyac fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED at Denver, Colorado, this 19th day of January, 2012.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge