IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02730-PAB-CBS

EDWARD PETER CONYAC,
    Plaintiff,
v.

DR. NOONAN, D.R.D.C., General Practitioner,
DEANNE ROMERO, D.R.D.C., Physician Assistant,
JESSICA ZAINES, D.R.D.C., Nurse Practitioner,
JANE DOE # 1, D.R.D.C., Nurse,
JANE DOE # 2, D.R.D.C., Nurse, and
JANE DOE # 3, D.R.D.C., Nurse,
    Defendants.[1]

___

### ORDER TO PLAINTIFF
___

Magistrate Judge Craig B. Shaffer

Pursuant to the Order Referring Case dated March 22, 2012, this civil action was referred to the Magistrate Judge to, *inter alia*, "hear and determine pretrial matters . . . ." (*See* Doc. # 16). Proceeding *pro se*, Mr. Conyac alleges one claim against all of the Defendants for "Deliberate Indifference" to his serious medical needs for failure to properly diagnose his medical condition. (*See* "Amended Prisoner Complaint" ("AC") (Doc. # 11) at 3-5 of 8). To date, Defendants Noonan, Romero, and Zaines cannot be served at any of the addresses that have been provided to the court and have not filed a waiver of service or appeared in the case. While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, the U.S. Marshal and the Clerk of the Court have performed their duties to serve Defendants Noonan, Romero, and Zaines. The court need not require the U.S. Marshal to search for or make any further attempts to serve

---

[1] Defendant Hudson was dismissed with prejudice from this action by a Joint Stipulated Motion of the parties. (*See* Docs. # 30, # 31).

these Defendants.  Sufficient time has been afforded and sufficient efforts have been made to serve these Defendants such that they may properly be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

Further, because anonymous parties are not permitted by the Federal Rules, the time period for serving the summons and complaint has expired, and Mr. Conyac has not identified the anonymous Defendants, the Jane Doe Defendants may properly be dismissed from the AC.

On October 12, 2012, the court issued an Order to Show Cause directing Mr. Conyac to show cause in writing why all of the Defendants should not be dismissed for failure to effect service of process, failure to identify anonymous parties, and failure to prosecute.  (*See* Doc. # 34).  Mr. Conyac responded on November 2, 2012, seeking among other things, additional time to locate the Defendants for purposes of service of process.  (*See* Doc. # 35).  The court having reviewed the entire case file and the applicable law, scheduled four and held three Status Conferences (*see* Docs. # 29, # 38, # 41, and # 43), and being sufficiently advised in the premises,

IT IS ORDERED that Mr. Conyac shall submit additional information on or before Monday, July 1, 2013, to enable service of process on Defendants by the U.S. Marshal.  If Mr. Conyac does not submit such additional information, the court will issue a Recommendation to District Judge Philip A. Brimmer that this civil action be dismissed without prejudice for failure to effect service of process, failure to identify anonymous parties, and failure to prosecute.

DATED at Denver, Colorado, this 3rd day of June, 2013.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge