IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02730-PAB-CBS

EDWARD PETER CONYAC,
        Plaintiff,

v.

DR. NOONAN, D.R.D.C., General Practitioner,
DEANNE ROMERO, D.R.D.C., Physician Assistant,
JESSICA ZAINES, D.R.D.C., Nurse Practitioner,
JANE DOE # 1, D.R.D.C., Nurse,
JANE DOE # 2, D.R.D.C., Nurse, and
JANE DOE # 3, D.R.D.C., Nurse,
        Defendants.[1]

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Mr. Conyac's failure to effect service

of process, failure to identify anonymous parties, and failure to prosecute.  Pursuant to the

Order Referring Case dated March 22, 2012, this civil action was referred to the Magistrate

Judge.  (*See* Doc. # 16).  The court has reviewed the entire case file, the proceedings held

on June 26, 2012, April 3, 2013, and May 30, 2013 (*see* Courtroom Minutes/Minute Orders

(Docs. # 29, # 38, and # 43)), the "Order to Plaintiff to Show Cause" (filed October 12, 2012)

(Doc. # 34), Mr. Conyac's "Motion to Show Cause . . ." (filed November 2, 2012 (Doc. # 35)

(treated as his Response to the Order to Show Cause)), and the applicable law and is

sufficiently advised in the premises.

_____

        [1]        Defendant Hudson was dismissed with prejudice from this action by a Joint
Stipulated Motion of the parties.  (*See* Docs. # 30, # 31).

I.      Statement of the Case

Proceeding *pro se*, Mr. Conyac filed his initial "Prisoner Complaint" on October 20,

2011.  (*See* Doc. # 1).  At the court's direction, Mr. Conyac filed his "Amended Prisoner

Complaint" ("AC") on February 14, 2012.  (*See* Docs. # 8, # 11).  Mr. Conyac alleges one

claim against all of the Defendants for "Deliberate Indifference" to his serious medical needs

based on failure to properly diagnose his medical condition.  (*See* AC (Doc. # 11) at 3-5 of 8).

He alleges that while he was incarcerated at the Denver Reception and Diagnostic Center

("DRDC"), "[o]n October 14, 2009, after returning from breakfast I reported a medical

emergency."  (*See id.* at 3 of 8).  Mr. Conyac alleges that Defendants performed three EKG

tests on him on October 14, 2009.  He also alleges that he was treated by the Defendants at

the medical clinic of the DRDC on October 15 and 16, 2009.  (*See id.* at 4-5 of 8).  On

October 17, 2009, Mr. Conyac was transferred to the emergency room at Denver Health,

where he was diagnosed with a heart attack.  (*See id.* at 5 of 8).  He was transferred to

University Hospital, where he was treated with the insertion of a balloon pump and stents.

(*See id.*).  He seeks "exemplary and nominal damages," attorney fees, "pain and suffering,"

filing fees, and medical expenses, among other things.  (*See id.* at 7 of 8).


II.     Lack of Personal Jurisdiction over Defendants

Mr. Conyac commenced this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(*See* November 30, 2011 "Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915"

(Doc. # 6)).  The Clerk of the Court initiated service of process on the Defendants.  On March

29, 2012, a Waiver of Service of Summons was filed with the court.  (*See* Doc. # 18).  The

Waiver was completed by Teresa Reynolds, Legal Services Group Leader, Office of Legal

Services, Colorado Department of Corrections ("CDOC"), and indicated that service was not

waived as to Defendants Noonan and Romero because they were no longer employed by the

Colorado Department of Corrections.  (*See id.*).  The waiver also indicated that "[t]he DOC has no record" of Defendant Zaines "as an employee either current or former."  (*See id.*).

The U.S. Marshal next attempted to serve Defendants Noonan and Romero at their forwarding addresses provided by the CDOC.  The Process Receipt and Return filed on May 7, 2012 indicates that a Deputy U.S. Marshal made three unsuccessful attempts to serve Defendant Romero at her forwarding address.  (*See* Doc. # 23).  Her last known telephone number was disconnected.  (*See id.*).  The Process Receipt and Return filed on May 2, 2012 indicates that a Deputy U.S. Marshal attempted to serve Defendant Noonan at his forwarding address.  (*See* Doc. # 21).  The Deputy obtained a second forwarding address in Palm Desert, California.  (*See id.*).  The Clerk of the Court thereafter attempted to serve Defendant Noonan at his second forwarding address.  (*See* Doc. # 23).  The Process Receipt and Return completed by a Deputy U.S. Marshal and filed with the court on October 11, 2012 indicates that Defendant Noonan "works at an unknown state prison" and that three attempts to serve him at his second forwarding address were unsuccessful.  (*See* Doc. # 33).

On October 12, 2012, the court issued an Order to Show Cause directing Mr. Conyac to show cause in writing why all of the Defendants should not be dismissed for failure to effect service of process, failure to identify anonymous parties, and failure to prosecute.  On November 2, 2012, Mr. Conyac filed his "Motion to Show Cause and Full Discovery," asking "the court to order that a full copy of Plaintiff's medical file be made available to the court." (*See* Doc. # 35).  "This would show . . . the names of the Jane Does # 1, # 2, # 3, . . . as well as Jessica Zaines as an employee of C.D.O.C."  (*See id.*).  The court held a Telephonic Status Conference on April 3, 2013, at which it noted that Mr. Conyac had previously reviewed his medical records and that, in any event, his medical file would not contain the current addresses of the Defendants.  (*See* Doc. # 38).

On May 30, 2013, the court held another Telephonic Status Conference, at the

conclusion of which it afforded Mr. Conyac until July 1, 2013 to submit any additional information to enable service of process on the Defendants to be made by the U.S. Marshal. (*See* Docs. # 43, # 44). The court warned Mr. Conyac that should he fail to timely respond to the Order, the court will issue a Recommendation to District Judge Brimmer that this civil action be dismissed without prejudice. (*See* Doc. # 44). As of this date, Mr. Conyac has submitted no additional information. Based upon the record before the court, Defendants Noonan, Romero, Zaines, and the Jane Does cannot be served at any of the addresses that have been provided to the court.

"[S]ervice of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (internal quotation marks and citation omitted). A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). Here, the court lacks personal jurisdiction over any of the Defendants.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Defendants Noonan, Romero, and Zaines have been named as Defendants in this case since the filing of the initial Prisoner Complaint on October 20, 2011. As of this date, 21 months have passed since the filing of the initial Prisoner Complaint and Defendants Noonan, Romero, and Zaines have not been served in this action and have not filed a waiver of service or appeared in the case.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, the U.S. Marshal and the Clerk of the Court have performed their duties to serve Defendants Noonan, Romero, and Zaines. The court need not require the U.S. Marshal to search for or make any further attempts to serve these Defendants.  Sufficient time has been afforded and sufficient efforts have been made by the Clerk of the Court and the U.S. Marshal to serve these Defendants.  Defendants Noonan, Romero, and Zaines may properly be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

As to the Jane Doe Defendants, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit.  *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).  *See also Wenzel v. Arpaio*, 2009 WL 4154926, at * 3 (D. Ariz. 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.");  *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) (Under Colorado law, naming of "John Doe" defendant does not toll statute of limitations with respect to such defendant); *Tolefree v. Ritz*,

382 F.2d 566, 567 (9th Cir. 1967) (per curiam) (affirming dismissal "as to the fictitious

defendants . . . .") (citation omitted).  To the contrary, the Federal Rules provide:

> "[e]very pleading must have a caption with the court's name, a title, a file
> number, and a Rule 7(a) designation.  The title of the complaint must name all
> the parties . . . ."

Fed. R. Civ. P. 10(a).  Because anonymous parties are not permitted by the Federal Rules,

the time period for serving the summons and complaint has expired, and Mr. Conyac has not

identified the anonymous Defendants, the Jane Doe Defendants may properly be dismissed

from the AC.

Mr. Conyac has failed to serve the Defendants, failed to identify anonymous

Defendants, and failed to prosecute this action.  Based on these instances of non-

compliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge

Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal

quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction

a party for failing to prosecute or defend a case, or for failing to comply with local or federal

procedural rules.");  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir.

2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the

authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the

Rules or any order of the court.");  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151

(10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions

sua sponte for a plaintiff's failure to prosecute. . . .");  Fed. R. Civ. P. 4(m) ("[i]f a defendant is

not served within 120 days after the complaint is filed, the court . . . must dismiss the action

without prejudice against that defendant . . . .").

Here, the court recommends dismissal without prejudice.  When dismissing a case

without prejudice, "a district court may, without abusing its discretion, enter such an order

without attention to any particular procedures."  *AdvantEdge Business Group*, 552 F.3d at

1236 (internal quotation marks and citation omitted). The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Mr. Conyac has not addressed the possible running of a statute of limitations or identified any tolling provisions. The court notes that because Mr. Conyac brings his claim pursuant to § 1983, it is subject to a two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (internal quotation marks and citation omitted). Mr. Conyac alleges that the conduct underlying his claims occurred on October 14 through 16, 2009 and that on October 17, 2009 he was informed that he was having a heart attack and that "I should have had this fixed when I started having the heart attack." (*See* Doc. # 11 at 3-5 of 12). The statute of limitations as to Mr. Conyac's claim arguably had already expired when he initiated this civil action more than two years later, on October 20, 2011. (*See* initial Prisoner Complaint (Doc. # 1); "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (Doc. # 2)).

To the extent that dismissal of the AC without prejudice may implicate the statute of limitations governing his claim, "[t]he non-exhaustive list of factors" that the court should consider when dismissing a case include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for

noncompliance; and (5) the efficacy of lesser sanctions." *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 (internal quotation marks and citations omitted).  *See also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (same) (citing *Ehrenhaus*, 965 F.2d at 918); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.");  *EBI Securities Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 647 (D. Colo. 2004) (setting forth factors for dismissal under Rule 37) (citing *Ehrenhaus*, 965 F.2d at 921)).  "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188 (citation omitted).

First, Mr. Conyac's failure to serve the Defendants, to identify anonymous Defendants, and to prosecute this action may cause actual prejudice to Defendants' ability to defend based on delay.  Such prejudice is sufficient to justify dismissal.  *See Ehrenhaus*, 965 F.2d at 921 (recognizing that delay can constitute prejudice);  *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, *4 (D. Colo. July 2, 2009) (finding "significant prejudice" where defendants deprived "of a prompt opportunity to have the claims against them adjudicated").[2]  The first factor weighs in favor of dismissal.

Second, the lack of advancement in this case has interfered with the judicial process. The court has held three hearings, issued an Order to Show Cause, and extended the deadline to serve the Defendants more than 17 months beyond the 120-day deadline set forth in Rule 4(m).  Mr. Conyac has not complied with the court's Order to provide information to enable service by the U.S. Marshal on the Defendants.  (*See* Doc. # 43, # 44).  "Progress toward the resolution of [the] case has been brought to a standstill" by Mr. Conyac's failure to

---

[2]        Copies of unpublished cases cited are attached to this Recommendation.

serve the Defendants, failure to identify anonymous Defendants, and failure to prosecute this action. *Gomez v. Dillon Companies*, No. 09-cv-00676-REB-KLM, 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010). *See also Armstrong*, 2009 WL 1938793, at *4 (finding prejudice to the judicial system where plaintiff's neglect forced the Magistrate Judge to adjudicate a motion to compel, issue an Order to Show Cause, and entertain several motions to extend deadlines as a result of plaintiff's failure to participate in discovery). The second factor weighs in favor of dismissal.

Third, the record is clear that no one other than Mr. Conyac is responsible for failing to serve the Defendants, identify anonymous Defendants, and prosecute this action. While the court acknowledges Mr. Conyac's argument that he has "no means" to effectuate service, neither the Clerk of the Court, the U.S. Marshal, nor the court can be held responsible for the failure to effect service. *See Armstrong*, 2009 WL 1938793 at *4 (finding plaintiff culpable when nothing in the record indicated external forces were to blame for plaintiff's failure to prosecute). Sufficient time has been afforded and sufficient efforts have been made by the Clerk of the Court and the U.S. Marshal to serve these Defendants. Mr. Conyac was repeatedly notified of his obligations in this case. (*See* Docs. # 29, # 34, # 38, # 43, # 44). The third factor also weighs in favor of dismissal.

Fourth, the court has warned Mr. Conyac several times that dismissal is a possible sanction for noncompliance with local or federal procedural rules or court orders. (*See* Docs. # 34, # 43, # 44). Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). *See also Gross v. General Motors LLC*, No. 08-3236, 441 F. App'x 562, 565 (10th Cir. Oct. 6, 2011) (constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors). The fourth factor weighs in favor of dismissal.

Finally, the record shows that there is no lesser sanction that is appropriate under the circumstances.  The court's previous orders have not resulted in compliance.  It would be fruitless to impose any lesser sanction, as this civil action cannot proceed without identification of and service of process on the Defendants.  The fifth factor also weighs in favor of dismissal of the Amended Complaint.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to effect service of process, failure to identify anonymous parties, and failure to prosecute.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the

"firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 29th day of July, 2013.

BY THE COURT:


___s/Craig B. Shaffer_____
United States Magistrate Judge